IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| ROBERT WHITE,<br><br>        PLAINTIFF,<br><br>v.<br><br>FRANK B. DAY AND ARTHUR WONG,<br><br>        DEFENDANTS. | CIV. NO. 1:18-CV-18<br><br>ACTION IN CONTRACT TO ENFORCE SETTLEMENT AGREEMENT |

**JOINT DISCOVERY PLAN**

**COME NOW** the Parties, by and through their respective undersigned counsel of record and pursuant to the Court's Order of September 18, 2018, submit following Proposed Joint Discovery Plan:

**a. PLAINTIFF'S STATEMENT OF FACTS AND LEGAL ISSUES:**

Mr. White asserts that he entered into a settlement agreement (Doc. No. 1-1, pp. 1-4) that called for him to complete certain repairs to the property (specified in Doc. No. 1-1, pp. 5-54 ) located at Plot 132, Estate Green Cay, St. Croix, VI. In exchange for Mr. White completing those repairs, defendants agreed to grant Mr. White a complete release and satisfaction of the judgment entered in Case No. 1:13-cv-44 (in which Frank B. Day and Arthur Wong were the plaintiffs and Mr. White was the defendant).

The parties agreed that a property inspector, David Schnur, would make periodic inspections of the work and report to the defendants on the progress and quality of the work. The defendants had the right to reject any such work that Mr. Schnur reported was unacceptable and to require Mr. White to correct it.

Per the settlement agreement, when the work was deemed "substantially complete" Mr. Schnur was to complete a punch list of items that he felt were incomplete and set forth a reasonable amount of time for Mr. White to complete the punch list items.

Mr. Schnur failed to perform periodic inspections and thus there was never a complaint made to Mr. White about the quality of his work during the approximately 9-10 months that he performed the repairs.

On July 29, 2017, Mr. Schnur performed an inspection and issued a report (Doc. 1-2) in which he noted minor deficiencies. He did not establish a timetable for completion of the work. Some of the deficiencies were for work that was not the subject of the settlement agreement and thus Mr. White had no responsibility for such work.

Mr. White was faithfully completing the deficient work for which he was responsible per the July 29, 2017 inspection report when the approach of Hurricane Irma shut down the work. Hurricane Maria then struck St. Croix and caused significant damage to the property. The nature and extent of the damage was such that it made it impossible for Mr. White to complete the minor repairs that were outstanding.

Under the terms of the settlement agreement, defendants were required to carry property insurance covering the value of the property and "including any Work provided under this Agreement." Thus, the defendants' should have responded to the damage caused by Hurricane Maria through their property insurer.

On December 6, 2017, Mr. Schnur did another inspection and documented the extensive damage from Hurricane Maria. Defendants refused to repair this damage and insisted that Mr. White was responsible for it. In doing so, defendants breached the settlement agreement.

**b. DEFENDANTS' STATEMENT OF FACTS AND LEGAL ISSUES:**

Mr. White, Mr. Day and Mr. Wong entered into a Settlement Agreement that required Mr. White to complete all of the work that was deemed deficient in an Inspection Report developed by the Home Inspector David Schnur, further to an inspection that took place on February 28, 2016.

Mr. White never completed the work provided for in the Inspection Report and the Settlement Agreement was terminated as to its terms, with Mr. White receiving the appropriate credit for the work that had been done.

Mr. White has taken the position that he was authorized to self-designate those items in the Inspection Report that he wanted to repair, leaving the remainder unrepaired. Mr. White did very little to no work under the Settlement Agreement, other than the replacement of certain windows and frames, which were done in manner that did not meet basic professional standards.

If the Settlement Agreement is interpreted as allowing Mr. White to do as much or as little as he wanted to in order to relieve himself of a multi-million dollar verdict against him, then the contract is the result of fraud or mistake and must be reformed to reflect the intent of the parties.

**DISCOVERY PLAN:**

This is not a complicated case. Depositions to be taken include the plaintiff and defendants, along with the deposition of a daughter of Mr. Wong's who has taken over some management responsibility for the property; Mr. Schnur; and 2-3 other witnesses to the condition of the property prior to Hurricane Maria. Off-island travel to Chicago and Colorado will be necessary for the depositions of the defendants. One witness to the condition of the property is located in New York. The parties agree to reserve the right to take depositions of persons not referenced here.

The parties agree that the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P 30(a)(2)(A), FRCP and 25 interrogatories per party as set forth in FRCP 33(a) shall apply.

Given the past history of the relationship between the parties, which includes two unsuccessful mediations, the parties do not believe that the case is likely to settle in mediation. A judge-directed settlement conference with a judge or magistrate may help resolve the case.

Each party is likely to require a construction expert.

Pursuant to the amendments to the Federal Rules of Civil Procedure, the Parties have agreed to a protocol for the informal resolution of discovery disputes by first meeting and conferring in an attempt to resolve any discovery disputes. In the event that the Parties are unable to resolve their discovery disputes, the Parties agree to contact the Magistrate Judge's office to schedule a telephonic discovery conference prior to filing any Motions to Compel.

The Parties do not anticipate the need for Electronically Stored Information (ESI) in this case.

The Parties agree that the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) is adequate to deal with the inadvertent disclosure of privileged or work product protected documents, and will follow the procedure set forth therein for the returning/sequestering/destroying such documents and for challenging a claim of inadvertent disclosure.

The parties propose the following discovery deadlines:

1. Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) have already been exchanged by the Parties.

2. Any motions to add new parties shall be filed by January 15, 2019.

3. Motions to amend the pleadings shall be filed by January 15, 2019.

4. Fact discovery shall be completed by March 30, 2019.

5. The party with the burden of proof on an issue (including affirmative defenses) shall produce its expert disclosures in compliance with Fed.R.Civ.P.26(a)(2 by April 30, 2019.

6. Expert disclosures that are responsive to an expert identified in accordance with No. 5, above, as well as expert disclosures of experts presented in rebuttal to an issue in the case, in compliance with Fed.R.Civ.P.26(a)(2), shall be produced by May 31, 2019.

7. Depositions of experts shall be completed by July 31, 2019.

8. The Parties shall file any dispositive and *Daubert* motions no later than August 31, 2019.

9. This matter can be ready for trial by September 15, 2019; provided no dispositive motions are pending.

10. This is a non-jury case. It is estimated that the case can be tried in three days.

Dated: November 2, 2018

                                    **Andrew C. Simpson, P.C.**

By:   */s/ Andrew C. Simpson*
       ANDREW C. SIMPSON, ESQ. (#451)
       2191 Church Street, Suite 5
       St. Croix, USVI 00820
       Phone: (340) 719-3900
       asimpson@coralbrief.com
       Attorney for Plaintiff

                                    **Law Office of K.A. Rames, P.C.**

By:   */s/ Kevin A. Rames*
       Kevin A. Rames (VI Bar 193)
       Semaj I. Johnson (VI Bar 1151)
       2111 Company Street, Suite 3
       Christiansted, VI 00820
       (T) 340-773-7284
       (F) 340-773-7282
       Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing **JOINT DISCOVERY PLAN** was served on November 2, 2018, by causing this document to be filed with the CM/ECF system which will provide service on the following counsel of record:

| | |
|---|---|
| Andrew C. Simpson, Esq. (VI Bar 451)<br>2191 Church Street, Suite 5<br>St. Croix, USVI 00820<br>Phone: (340) 719-3900<br>asimpson@coralbrief.com | Kevin A. Rames (VI Bar 193)<br>Semaj I. Johnson (VI Bar 1151)<br>22111 Company Street, Suite 3<br>Christiansted, VI 00820<br>(T) 340-773-7284<br>(F) 340-773-7282<br>kevin.rames@rameslaw.com<br>semaj.johnson@rameslaw.com |

                                            *s/ Andrew C. Simpson*