**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**ROBERT WHITE,**

      **Plaintiff,**

 v.

**FRANK B. DAY and ARTHUR WONG,**

      **Defendants.**

_____

1:18-cv-00018

**TO:** Andrew C. Simpson, Esq.
   Kevin A. Rames, Esq.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

THIS MATTER is before the Court upon Defendants' Motion for Extension of Time to Complete Discovery ("Def.'s Mot.," ECF No. 27).  Plaintiff filed a response in opposition to the said motion ("Pl.'s Opp.," ECF No. 28) and Defendant filed a reply thereto ("Def.'s Reply," ECF No. 29).

The immediate case arises from disputes emanating from the settlement agreement entered into between the parties to resolve a Judgment that this Court granted to Defendants on June 12, 2017 in case 1:13-cv-00044-WAL-GWC.  This Court's Judgment required Defendants to pay $3,908,927.07 in damages, $114,185.50 in attorney's fees and $1,437.50 in costs and expenses.  The Third Circuit partially affirmed the Judgment but reversed and remanded the remainder.  *See Day v. White*, 2019 U.S. App. LEXIS 6198, at *10,

*White v. Day*
1:18-cv-00018
Order Granting in Part and Denying in Part Defendant's Motion for Extension of Time to Complete Discovery
Page 2

__ Fed. Appx. __ (3d Cir. 2019). The remanded portion of the total Judgment is still the subject of an ongoing parallel proceeding in this Court.

In the case at hand, the Court had ordered factual discovery to be completed on March 29, 2019. Scheduling Order, ECF No. 16 at 2. In this motion, Defendants initially asked for a 45-day extension to conduct said discovery. *See generally* Def's Mot. In their reply, however, Defendants backtracked and said that they were willing to ask for only a 21-day extension. *See generally* Reply Brief. To date, the only discovery that has taken place is the parties' exchange of Rule 26 disclosures. *See* Def.'s Mot. at 2.

DISCUSSION

Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is a broad inquiry and determining whether neglect is excusable is an 'equitable' determination that takes account of all relevant circumstances surrounding the party's omission." *Clarke v. Marriott International, Inc.*, 2012 U.S. Dist. LEXIS 83963, at *2 (D.V.I. June 18, 2012) (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999))(quotations omitted).

In *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 385 (1993), the Supreme Court identified four factors ("the *Pioneer* factors") to consider when evaluating "excusable neglect": (1) the danger of prejudice to the opposing party; (2) the

*White v. Day*
1:18-cv-00018
Order Granting in Part and Denying in Part Defendant's Motion for Extension of Time to Complete Discovery
Page 3

length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. "The moving party carries the burden of demonstrating excusable neglect." *Clarke*, 2012 U.S. Dist. LEXIS 83963, at *8. Thus, to establish whether the Court should grant their motion, Defendants have the burden to demonstrate excusable neglect.

Plaintiff argues that an extension of the factual discovery period exposes him to unfair prejudice, because he faces a multi-million-dollar Judgment which continues to accrue interest if he does not prevail in this case. Pl.'s Opp. at 4. This is not enough to demonstrate prejudice, as it was something that has always been within the Plaintiff's control. As Defendants argue, Plaintiff could have recognized this predicament at the outset of the immediate suit and filed a supersedeas bond in the parallel case. Def.'s Reply at 3. Defendants also point out that if the Court grants the extension, neither the dispositive motion deadlines nor the trial date will change, and that Plaintiff is always free to file a dispositive motion at any time, should he wish to expedite the proceedings. *Id.* Thus the first *Pioneer* factor weighs in favor of Defendants.

Plaintiff in his Opposition argues that a 45-day extension of the factual discovery period from the date the Motion was filed—May 2, 2019—would result in a new factual discovery deadline of June 17, 2019, and, consequently, would shift subsequent deadlines to later dates in a way that would alter the scheduling order. Pl.'s Opp. at 5. Most

*White v. Day*
1:18-cv-00018
Order Granting in Part and Denying in Part Defendant's Motion for Extension of Time to Complete Discovery
Page 4

significantly, Plaintiff points out that his decision not to retain an expert by the April 30, 2019 deadline was a strategic decision that he made based on the state of discovery at the time. *Id.* Plaintiff states in a footnote that he originally anticipated that he would retain an expert but chose not to incur that expense when he saw that Defendants did not conduct discovery by the March 29, 2019 deadline. *Id.* Defendants counter in their Reply brief—albeit reducing their request to a 21-day extension—that Plaintiff was never prevented from naming an expert witness.

Defendants should not be able to reap the benefits of additional time to conduct discovery while depriving Plaintiff of the ability to prosecute his case in the way he alleges he would have done so had discovery been conducted within the deadlines set forth in the scheduling order. For that reason, the second *Pioneer* factor weighs against Defendants.

Plaintiff moved the Third Circuit for a panel rehearing in the parallel suit on March 18, 2019. The motion was denied on April 24, 2019. Def.'s Mot. at 3. Defendants argue that if the panel had ordered the matter to be reheard and if Plaintiff prevailed, then the immediate case would have been mooted and dismissed. The Court is not inclined to find excusable neglect when Defendants all but admit that they deliberately executed a failed litigation strategy, and, as Plaintiff correctly argues, the parties knew of the possibility of mootness at the time of the scheduling conference, when Defendants could have proposed a stay of discovery pending appeal. Pl.'s Opp. at 2.

*White v. Day*
1:18-cv-00018
Order Granting in Part and Denying in Part Defendant's Motion for Extension of Time to Complete Discovery
Page 5

The Court is more sympathetic to Defendants' argument that their attorney's staffing reductions affected their ability to timely conduct discovery.  Specifically, Defendants explain that during the pendency of this case, Defendants' attorney's firm lost two of its four local support staffers.  Def.'s Mot. at 3-4.  The third *Pioneer* factor is thus neutral.

Finally, Plaintiff argues that while there is no showing of bad faith, defendants cannot show that they acted in good faith because they "simply did not act at all."  Pl.'s Opp. at 5-6.  However, Plaintiff does not suggest that Defendants purposefully ignored the discovery deadline or that Defendants consciously tried to neglect this case.  The Court thus cannot find that Plaintiff engaged in "outright misconduct or inequitable behavior" that would constitute bad faith. *See Raguette v. Premier Wines & Spirits*, 691 F.3d 315, 332 (3d Cir. 2012).  Nevertheless, the Court cannot entirely overlook the fact that Defendants' delay in propounding discovery appears to be a result of the risk they took by waiting for the outcome of their appeal in the parallel suit instead of requesting for a stay of discovery in this case prior to the scheduling order.  Accordingly, this *Pioneer* factor is neutral.

The Court finds this to be a close case as to whether Defendants have demonstrated excusable neglect, and it will do its best to strike a compromise without running afoul of the current scheduling order.

Accordingly, it is now hereby **ORDERED**:

1. Defendants' Motion is **GRANTED** in part and **DENIED** in part.
2. The parties will have until May 20th to conduct factual discovery.

*White v. Day*
1:18-cv-00018
Order Granting in Part and Denying in Part Defendant's Motion for Extension of Time to Complete Discovery
Page 6

3. The Court will hold a status conference on May 22 at 10:00 a.m. to determine if Plaintiff will need an expert witness, and if Plaintiff requires an expert, new deadlines will be set for experts and dispositive motions.

ENTER:

Dated: May 8, 2019
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE