**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

ROBERT WHITE,

                Plaintiff,              1:18-cv-00018

    v.

FRANK B. DAY and ARTHUR WONG,

                Defendants.
_____

TO:    Andrew C. Simpson, Esq.
         Kevin A. Rames, Esq.

## ORDER

THIS MATTER is before the Court upon Defendants' Motion to Compel Production of Documents [ECF No. 34, "Defs.' Mot."]. Plaintiff filed a response in opposition to the said motion [ECF No. 35, "Pl.'s Opp."], and Defendants filed a reply thereto [ECF No. 36, "Defs.' Reply].

The immediate case arises from disputes emanating from the settlement agreement entered into between the parties to resolve a Judgment that this Court granted to Defendants on June 12, 2017 in case 1:13-cv-00044-WAL-GWC. This Court's Judgment required Defendants to pay $3,908,927.07 in damages, $114,185.50 in attorney's fees and $1,437.50 in costs and expenses. The Third Circuit partially affirmed and partially vacated the Judgment. *See Day v. White*, 764 Fed. Appx. 164, 166 (3d Cir. Feb 28, 2019). The remanded portion of the total Judgment is still the subject of an ongoing parallel proceeding in this Court.

In this matter, the Court had ordered factual discovery to be completed on March 29, 2019. [ECF No. 16, Scheduling Order at 2]. Defendants then moved for a 45-day extension to conduct said discovery, before reducing their request down to a 21-day extension. [ECF Nos. 27, 29]. On May 8, 2019, this Courted granted in part and denied in part Defendants' motion and allowed the parties until May 20, 2019 to complete discovery. [ECF No. 30]. On May 9, 2019, Defendants served Plaintiff with requests for production of documents [ECF No. 31]. On June 9, 2019, Plaintiff's counsel responded to each of Defendants' 22 requests with the following objection: "[D]efendant objects to this discovery request as discovery is closed and it was not propounded in time to permit a response by the deadline for the completion of discovery." [ECF No. 34, Ex. A].[1] Counsel for the parties met and conferred on June 10, 2019 and were unable to resolve the dispute. [ECF No. 34, Ex. B]. Plaintiff's counsel took the position that Defendants needed to have served written discovery at least 30 days before the close of discovery, while Defendants' counsel disagreed, citing to the fact that this Court's extended discovery deadline gave the parties only 12 days to conduct any discovery at all. *Id.*

## DISCUSSION

Defendants argue that this Court can compel Plaintiff's responses in one of two ways, depending on the Court's interpretation of the May 8 order. *See* Defs.' Mot. at 2. First, Defendants argue that the May 8 order can be read to require Plaintiff to *respond by*

---

[1] The Court will infer that Plaintiff's counsel meant to write "Plaintiff" rather than "[D]efendant" in these responses.

May 20—the last day of the extended discovery period—to any written discovery that was served within the 12-day extended discovery period. *Id.* Second, Defendants alternatively argue that Plaintiff must respond within 30 days—the amount of time allowed for a discovery response under Fed. R. Civ. P. 34(b)(2)(A)—given that the discovery requests were *served before* May 20. *Id.* Plaintiff does not address the first argument but counters the second proposal with the argument that the application of the 30-day response period would effectively create a far greater enlargement of the extended time period to conduct discovery than Defendants had sought in their previous motion. Pl.'s Opp. at 1-2. Plaintiff further argues that Defendants had an opportunity in the previous motion to ask the Court to reduce the time required for any responses to discovery during the extended period and that they failed to do so. *Id.* at 2.

The Court need not address any of these arguments, because Defendants' Motion was filed out of time. Defendants' Motion to Compel was filed on June 15, 2019, nearly a month after the close of the extended discovery period. This Court has previously stated that "motions to compel discovery must be filed within the time allowed for discovery itself." *Clarke v. Marriot Int'l, Inc.*, 2010 WL 1657340, at *6 (D.V.I. Apr. 23, 2010). The Court is not alone in requiring motions to compel discovery be filed within the time allowed for discovery:

> Although Fed R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. *Butler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. June 16, 2000) ("A party cannot ignore available

>discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. *Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n.10 (4th Cir. 1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. *DesRosiers v. Moran*, 949 F.2d 15, 22 n. 8 (1st Cir. 1991). It is especially important that a party file its motion before discovery cutoff. *American Motorists Insurance Co. v. General Host Corp.*, 162 F.R.D. 646, 647-48 (D. Kan. Apr. 10, 1995) (motion to compel denied where defendant made "absolutely no effort" to file motion before discovery deadline).

*Continental Industries, Inc. v. Integrated Logistics Solutions, L.L.C.*, 211 F.R.D. 442, 444 (N.D. Okla. Nov. 22, 2002).

The fact that the parties were operating on an expedited and abbreviated extended discovery schedule does not alter the deadline for which Defendants had to file their Motion to Compel. *See, e.g., Ayala-Gerena v. Bristol Meyers-Squibb, Co.,* 95 F.3d 86, 94 (1st Cir. 1996) (concluding that the district court's denial of "what was clearly" an untimely motion to compel document production was not an abuse of discretion where movants "waited more than one month after a second extended discovery deadline had elapsed to properly request an order"); *Capozzi v. Gale Group, Inc.,* 2002 WL 1627626, at *2 (D.Conn. June 24, 2004) (where the court denied a motion to compel that was filed three days after a second extended discovery deadline);

Here, Defendants might have had a legitimate argument for timeliness of their Motion to Compel had it been filed on or before May 20, 2019, but they appear to have rolled the dice to some extent in assuming that Plaintiff's responses were guaranteed to be

filed by May 20, 2019 or that the Court would apply the 30-day response rule in a way that extended discovery even further. Defendants' argument that the parties' agreements for extensions of time to conduct depositions—the last of which occurred on June 21, 2019—necessarily extended the deadline for *all of discovery*. *See generally* Defs.' Reply. However, the emails supplied by Defendants—and the joint stipulation filed by counsel for the parties—all reflect that any extensions agreed upon were limited to depositions only. Based upon the foregoing, the Court finds that Defendants' Motion is untimely.

Accordingly, it is now hereby **ORDERED** that Defendants' Motion To Compel Production of Documents [ECF No. 34] is **DENIED**.

ENTER:

Dated: July 9, 2019
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE