DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ROBERT WHITE, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 2018-0018 |
| ) | |
| FRANK B. DAY and ARTHUR WONG, ) | |
| ) | |
| Defendants/Counter-Claimants. ) | |
| ) | |

**Appearances:**
**Andrew C Simpson, Esq.**
St. Croix, V.I.
    *For Plaintiff/Counter-Defendant*

**Kevin A Rames, Esq.**
St. Croix, V.I.
    *For Defendants/Counter-Claimants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants and Counter-Claimants Frank B. Day and Arthur Wong's ("Defendants") Objection to the Magistrate Judge's Order Denying Defendants' Motion to Compel ("Objection") (Dkt. No. 38). For the reasons discussed below, the Magistrate Judge's ruling will be affirmed.

### I.     BACKGROUND

This case arises from a construction contract dispute between the same parties in case 1:13-cv-0044-WAL-GWC (the "Original Case"). In the Original Case, the Court granted summary judgment to Defendants (Dkt. No. 66 in Original Case), and subsequently entered a Judgment which required Plaintiff to pay $3,908,927.07 in damages, $114,185.50 in attorney's fees, and

$1,437.50 in costs and expenses. (Dkt. No. 92 in Original Case). Plaintiff appealed the Judgment and the Third Circuit partially affirmed and partially vacated the Judgment of the Original Case. *See Day v. White*, 764 Fed. App'x 164, 166 (3d Cir. 2019).

While the Original Case was on appeal, Plaintiff filed this breach of contract action alleging that Defendants breached a settlement agreement entered into by the parties after the Court granted summary judgment and before the Court entered the Judgment in the Original Case. (Dkt. No. 1). On November 7, 2018, the Magistrate Judge entered a Scheduling Order which stated in pertinent part, that "[a]ll factual discovery, including written discovery and fact witness depositions, shall be completed on or before March 29, 2019." (Dkt. No. 16 at 2). Neither party engaged in any discovery before the March 29, 2019 deadline.

On May 2, 2019, Defendants moved to amend the Scheduling Order "to extend the period for factual discovery, expert disclosures and expert discovery for a period of forty-five (45) days to allow parties to complete factual and expert discovery in this cause." (Dkt. No. 27 at 1). Plaintiff opposed the motion. (Dkt. No. 28). In their reply, Defendants reduced the requested extension to twenty-one days. (Dkt. No. 29 at 1). On May 8, 2019, the Magistrate Judge entered an Order granting in part and denying in part Defendants' Motion. (Dkt. No. 30 at 5–6). The Order granted a twelve-day extension to conduct factual discovery, until May 20, 2019. *Id.*

On May 9, 2019, Defendants noticed a Request for Production of Documents, under Federal Rule of Civil Procedure 34. (Dkt. No. 31). The parties filed a "Notice to the Court" ("Notice") on May 21, 2019, wherein the parties stipulated that "the remaining discovery, consist[ed] of the depositions of Robert White, Dunstan Cole, and David Schnur" and that the parties would take the depositions by June 8, 2019. (Dkt. No. 32 at 1). The Notice did not mention

written discovery. *Id.* The parties subsequently agreed, informally, to have depositions taken up through June 21, 2019.

On June 9, 2019, Plaintiff's counsel responded to Defendants' request for production with a blanket objection that "discovery is closed and [the Request for Production of Documents] was not propounded in time to permit a response by the deadline for the completion of discovery." (Dkt. No. 34, Ex A). The next day, the parties' counsel met and conferred but were unable to resolve the dispute. *Id.* at Ex. B.

On June 15, 2019, Defendants filed a "Motion to Compel Production of Documents," ("Motion to Compel" or "Motion") (Dkt. No. 34). The Magistrate Judge denied the Motion finding that: "Defendant's Motion was filed out of time. Defendants' Motion to Compel was filed on June 15, 2019, nearly a month after the close of the extended discovery period. This Court has previously stated that 'motions to compel discovery must be filed within the time allowed for discovery itself.'" (Dkt. No. 37 at 3 (citations omitted)).

Defendants subsequently filed their Objection, arguing that the Magistrate Judge made "two anomalous findings" in the Order: that Defendants should have moved to compel on or before the May 20, 2019 deadline for factual discovery—which was before the responses were due; and that the Motion to Compel was not made during the factual discovery period—which, according to Defendants should include the period up through June 21, 2019 when the depositions were taken (Dkt. No. 38 at 3-4). Plaintiff contends that Defendants have failed to show that the Magistrate Judge's decision on a discovery matter was clearly erroneous or contrary to law. (Dkt. No. 40 at 3).

## II. DISCUSSION

### A. Applicable Legal Principles

Magistrate judges are permitted under 28 U.S.C. § 636 to hear and determine "any [non-dispositive] pretrial matter," including discovery. L.R. Civ. P. 72.1; 28 U.S.C. § 636. On appeal to the district court, the court reviews a magistrate judge's decision on a non-dispositive matter under the "clearly erroneous or contrary to law" standard. L.R. Civ. P. 72.1; 28 U.S.C. § 636. When ruling on pre-trial discovery matters, the trial court may afford magistrate judge's decisions "wide discretion." *National Labor Relations Board v. Frazier*, 966 F.2d 812, 817 (3d Cir.1992); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992). This Court has determined that in circumstances where a magistrate judge's decision involves a discretionary matter "the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Thomas v. Rijos*, 780 F. Supp. 2d 376, 388 (D.V.I. 2011); *see also Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (When reviewing a magistrate judge's discovery decision "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.") (citations omitted); *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where… the magistrate [judge] has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.").

Federal Rules of Civil Procedure 26 through 37 guide the discovery process. Rule 26 provides in pertinent part that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," within certain limits. Fed. R. Civ. P. 26(b); *see also id.* at 26(b)(2)(C) (limitations). Rule 34 governs the discovery of documents, including electronically stored information, and dictates the procedure for such discovery. *See* Fed. R. Civ.

P. 34, 34(b). The responding party must generally submit their responses within 30 days of being served, however "[a] shorter or longer time may be stipulated to [by the parties] or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). If the requesting party believes that the responding party has failed to be responsive to properly requested discovery, Rule 37 provides a procedure to move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.").

### B. Analysis

Defendants assert two grounds for relief in their objection to the Magistrate Judge's Order, claiming that the denial of the Motion to Compel was based on "anomalous findings." (Dkt. No. 38 at 3). Specifically, Defendants contend that the Magistrate Judge erred in finding: (1) that the Motion to Compel the production of documents should have been filed before May 20, 2019, which would have been before the responses were due and therefore before Defendants would have known the substance of the responses; and (2) that the Motion to Compel was not filed within the factual discovery period. *Id.*

First, Defendants argue that the Motion to Compel should be granted because a motion to compel production of documents "expressly requires a failure of adequate production under Rule 34 as a prerequisite to a request for relief." (Dkt. No. 38 at 3).  Further, they maintain that Defendants were required to "meet-and-confer before filing discovery motions." *Id.* According to Defendants, because Rule 34 requires the requesting party to allow the responding party 30 days before there is a "failure," Defendants had to wait until at least June 8, 2019 to file the Motion to Compel. *Id.* at 2-3.  Thus, Defendants argue, they would have had to "anticipate that Plaintiff

5

would violate Rule 34, followed by filing a Motion to Compel without evidence of noncompliance and without meeting and conferring in advance of filing the discovery motion," in order to meet the dictates of the Magistrate Judge's ruling. *Id.* at 3-4.

The Magistrate Judge did not clearly err, nor did he act contrary to law, in his determination that a motion to compel must be filed within the deadline he established in his Order extending the time for factual discovery. In denying Defendants' Motion to Compel, the Magistrate Judge held that "[m]otions to compel discovery must be filed within the time allowed for discovery itself." (Dkt. No 37 at 3) (internal quotations and citations omitted). The Magistrate Judge's decision was neither clearly erroneous nor contrary to law. *See Finizie*, 351 Fed. App'x at 672 (affirming district court's denial of motion to compel that was filed at least two weeks "after discovery had closed").

Indeed, it is established in this Court and others in the Third Circuit that a magistrate judge may deny a motion to compel that was filed after the close of the discovery period. *See Finizie*, 351 Fed. Appx. at 672; *see also Kmart Corp. v. Sunny Isles Developers, LLC*, No. 1:14-CV-00077, 2016 WL 11396508, at *1 (D.V.I. Dec. 20, 2016) ("As counsel should be aware, this Court has adopted the general rule that motions to compel discovery must be filed within the time allowed for the discovery itself.") (magistrate judge's order denying untimely motion to compel); *Acosta v. HOVENSA, L.L.C.*, No. 1:08-CV-00089, 2012 WL 13018908, at *1 (D.V.I. Sept. 7, 2012); *Wilson v. Virgin Islands Water & Power Auth.*, No. 1:07-CV-24, 2010 WL 2554655, at *1 (D.V.I. June 18, 2010); *Mendez v. Puerto Rican Int'l Companies, Inc.*, No. 1:05-CV-174, 2010 WL 582327, at *1 (D.V.I. Feb. 12, 2010); *Haase v. Gov't of Virgin Islands*, No. 2002-CV-0110, 2009 WL 792808, at *1 (D.V.I. Mar. 23, 2009) (denying untimely motion to compel). In addition, this Court has upheld a magistrate judge's order to this effect in numerous cases. *See Clarke v. Marriot Int'l, Inc.*, Civ. No. 1:08-cv-00086, 2010 WL 1657340 at *6 (D.V.I. Apr. 10, 2010) (where the

court found that the undersigned's "statement of the law [that motions to compel must be filed within the time allowed for the discovery itself] is well supported and is not 'contrary to law'" (citations omitted) (footnote omitted)); *Jiminez v. Pepsico Foods Caribbean, Inc.*, No. CIV.A. 2010-0074, 2011 WL 4738113, at *2 (D.V.I. Oct. 6, 2011) (upholding magistrate judge's determination); *Wilson v. Virgin Islands Water & Power Auth.*, No. 07-CV-00024, 2010 WL 11619557, at *2 (D.V.I. Dec. 3, 2010) (same). Sister courts in the Third Circuit have upheld the same rule. *See, e.g.*, *Design Basics, LLC v. MTF Assocs., Inc.*, No. 1:17-CV-00031, 2019 WL 1405290, at *6 (M.D. Pa. Mar. 28, 2019); *Pauley v. Samuels*, No. 1:15-CV-00158, 2019 WL 2106986, at *1 (W.D. Pa. May 14, 2019) (magistrate judge's order). Thus, the Magistrate Judge's conclusion that a motion to compel filed outside the deadline for discovery is untimely was not contrary to law.

Defendants also argue that they timely filed the Motion to Compel within the factual discovery period, as established by the Federal Rules of Civil Procedure. Their reasoning is that they submitted requests for production of documents under Rule 34, and that under that Rule, responses are due thirty days after the requests are filed. *Id.* at 4. Thus, according to Defendants, regardless of what date the court set as the discovery deadline, they had to wait until after the thirty days to file the Motion to Compel. This argument is unconvincing.

Defendants are correct that Rule 34 generally allows 30 days for a response, but Rule 34 also permits the Court to set deadlines for discovery, or for the deadline to be stipulated to by the parties. Fed. R. Civ. P. 34 (b)(2)(a) ("Time to Respond… A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court").[1] In response to Defendants' request in his

---

[1] In fact, many of the written discovery rules that are referenced by Defendants in their argument have similar language allowing deadlines to be set by the Court or through stipulations by the parties. *See* Fed. R. Civ. P. 26(1)(C), (D) (timing can be set "by stipulation or court order"); Fed.

7

Motion to Amend the Scheduling Order, the Magistrate Judge's Order extended factual discovery for twelve days. (Dkt. No. 30 at 5). Given this shortened time frame to conduct additional discovery, it was incumbent on Defendants not simply to assume that the normal time frames for discovery responses would apply, but to ensure that the needed discovery and any related filings would be accomplished within the shortened time limit set by the Magistrate Judge. In simply assuming—rather than clarifying or verifying—that the Court would adopt their interpretation of the Rules applicable to the extended discovery period, Defendants acted at their peril.

Defendants further argue that discovery was still open on the date the Motion to Compel was filed because the parties agreed to extend the timeline for taking depositions. (Dkt Nos. 36 at 3-4; 38 at 4-5). The Magistrate Judge's Order concluded that, while the parties did come to an agreement regarding depositions, the Defendants fail to account for the fact that the parties did not agree to an extension of the deadline for written discovery, and thus the Motion to Compel was out of time. (Dkt. No. 37 at 5). Defendants point to *Clarke* to argue that an agreement by the parties to extend a discovery deadline prevents the Court from enforcing the earlier deadline. (Dkt Nos. 36 at 3-4; 38 at 4-5). Defendants argue that, unlike in *Clarke*, where the moving party "presented no evidence—no letter, email, stipulation, declaration under oath, or otherwise—that there was an agreement to extend the discovery deadline" (Dkt No. 36 at 3) (quoting *Clarke*, 2010 WL 1657340, at *4 (internal citations omitted)), Defendants here "presented multiple emails establishing that the discovery period did not end until June 21, 2019, six (6) days after the Motion to Compel was filed." *Id.* The Court finds this argument unavailing.

---

R. Civ. P. 33(b)(2) ("Time to Respond… A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court"). Defendants rely on an incomplete reading of these rules.

The Magistrate Judge's Order provided for a May 20, 2019 deadline for factual discovery and a status conference on May 22, 2019 to determine Plaintiff's expert discovery needs. (Dkt. 30 at 5-6). Defendants requested written discovery on May 9, 2019. (Dkt. No. 31). On May 21, 2019—one day after the deadline for factual discovery—the parties filed a Notice to inform the Court that they agreed upon a deadline of June 8, 2019 "with respect to the remaining discovery, consisting of the depositions of Robert White, Dunstan Cole, and David Schnur which will result in their depositions being taken by June 8, 2019." (Dkt. No. 32 at 1). The Notice made no reference to written discovery. Indeed, none of the exhibits submitted show any type of discussion or mention of an extension for such discovery. Thus, as in *Clarke*, the Court finds that Defendants have failed to provide any support for their assertion that the parties agreed to extend the period for the completion of written discovery. Accordingly, the Magistrate Judge did not err in concluding that the parties did not agree to extend the written discovery deadline through the Notice or otherwise.

The Court recognizes that the Magistrate Judge's ruling may appear to Defendants to be unfair given their contention that they "accommodated Plaintiff with respect to the date of [] depositions on four (4) separate occasions" (Dkt. No. 36 at 2), thus allowing depositions to be taken through June 21, 2019—over one month past the Magistrate Judge's May 20, 2019 deadline. However, the fact that Defendants chose to accommodate Plaintiff is not the same as an Order from the Court—in the face of a challenge—concluding that discovery was required to be provided past the deadline set by the Court. That Defendants chose not to hold Plaintiff to the discovery deadline set by the Magistrate Judge does not render clearly erroneous or contrary to law the Magistrate Judge's decision to enforce that deadline against Defendants in response to Plaintiff's

challenge, where—as here—the agreed upon extensions by the parties dealt only with depositions and not written discovery.

In sum, the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. Accordingly, the Court will affirm the Magistrate Judge's Order.

### III. CONCLUSION

For the reasons discussed above, the Court will affirm the Magistrate Judge's Order and deny Defendants' Motion to Compel. An appropriate Order accompanies this Memorandum Opinion.

Date: June 15, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge