IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ROBERT WHITE,

PLAINTIFF,

VS.                                                    CASE NO. 1:18-CV-0018

FRANK B. DAY AND ARTHUR WONG,

DEFENDANTS.

PLAINTIFF'S MOTION UNDER FRAP 4(A)(5)
TO EXTEND THE TIME TO FILE NOTICE OF APPEAL

Now comes Robert White and moves under Federal Rule of Appellate Procedure 4(a)(5) to extend by 28 days the time to file a notice of appeal from the Court's final judgment entered on April 1, 2026. The current deadline to file a notice of appeal is May 1, 2026. Plaintiff requests that the deadline be extended to May 29, 2026, for the reasons set forth below:

1.     On April 1, 2026, the Court entered an order granting summary judgment in favor of Defendants (Doc. No. 69).

2.     Despite the language in that Order regarding attorneys' fees and appellate finality, the Supreme Court has established a bright line rule that the pendency of a motion for attorney's fees does not effect finality for appeal purposes. *See Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 202–03 (1988) (holding, "[a] decision on the merits is a 'final decision' for purposes of [28 U.S.C.] § 1291

1

whether or not there remains for adjudication a request for attorney's fees attributable to the case").

3. In *Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating Engineers and Participating Employers*, 571 U.S. 177, 179 (2014), the Supreme Court extended and clarified *Budinich*. The Court held that it does not matter whether the attorneys' fee claim is statutory, contractual, or both — the rule is the same: "Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal."

4. Accordingly, the notice of appeal deadline under FRAP 4(a)(1)(A) is May 1, 2026.

5. After entry of judgment, counsel for both parties discovered that both individual Defendants are deceased. A suggestion of death has been filed on the docket, but it cannot be served upon the heirs or any estate administrator because those persons are not yet identified or known.

6. The deaths of both Defendants have created uncertainties regarding substitution under Federal Rule of Civil Procedure 25(a), including identifying the proper successor parties, determining the appropriate estates or personal representatives, and effectuating service of the suggestion of death and any substitution papers. These uncertainties bear directly on the prosecution of any appeal and on the orderly administration of this case during the time allowed to

2

notice an appeal.

7. If Plaintiff were to file an appeal with the case in its present procedural status, he would then need to immediately move to stay the appeal pending resolution of the issues surrounding the deaths of the defendants. Filing a notice of appeal under such circumstances would create an administrative burden on the Third Circuit Court of Appeals as well as cause unneeded expense to Plaintiff.

8. Counsel for Plaintiffs and the counsel of record for the deceased defendants have conferred about the possibility of settling this case and its related case. However, as the Court has recognized, until parties are substituted for the deceased defendants, their counsel of record has no authority to act in this matter.

9. Good cause exists for a 28-day extension. The post-judgment discovery of both Defendants' deaths; the inability to complete service of the suggestion of death on unidentified heirs or administrators; the resulting need to identify and serve appropriate parties constitute circumstances beyond Plaintiff's control and not attributable to a lack of diligence. Further, under Fed. R. Civ. P. 1, granting the extension will reduce burdens and expenses that will otherwise be imposed upon both the parties and the Third Circuit Court of Appeals.

10. This motion is timely because it is filed before the current deadline to notice an appeal. No party will be prejudiced by the requested extension. To the contrary, the requested relief will promote efficiency and may obviate or narrow issues on appeal if settlement is achieved.

11.     Pursuant to the Court's Policies and Procedures, undersigned counsel has had a meaningful fulsome discussion about this motion with Counsel of record for the deceased defendants. However, due to the death of his clients, he lacks authority to either consent to or oppose it.

### REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

(a)     Grant this motion under FRAP 4(a)(5);

(b)     Extend the deadline for filing the notice of appeal by 28 days, from May 1, 2026 to May 29, 2026; and

(c)     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.**
Attorneys for Robert White

Dated: April 24, 2026              By:     /s/ Andrew C. Simpson
                                           Andrew C. Simpson (VI Bar 451)
                                           2191 Church Street, Suite 5
                                           Christiansted, VI 00820
                                           (T) 340-719-3900
                                           asimpson@coralbrief.com
                                           Counsel for Plaintiff

4