**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DISTRICT OF ST. CROIX**

| | |
|---|---|
| **ROBERT W. WHITE**<br><br>    **Plaintiff**<br>**v.**<br>**FRANK B. DAY and ARTHUR WONG**<br><br>    **Defendants** | **CIVIL NUMBER   18-18** |

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTITUTION</u>

COMES NOW Petitioners Melissa W. Aagesen and David M. Wong, by and though counsel, The Law Office of K.A. Rames, P.C. (Kevin A. Rames, Esq., of counsel) and for their Memorandum of Law in Support of their Motion for Substitution under and pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, state as follows:

Arthur Wong, Plaintiff herein, died on February 26, 2025, during the pendency of this Civil Action, as documented in the Certificate of Death Record 2025 0018696 from the Cook County Clerk Vital Records.  The Certificate of Death Record is attached hereto as Exhibit A.  A Notice of Suggestion of Death with respect thereto was filed in this cause on April 10, 2026 [ECF 70].

Under and pursuant to Section 2.1 of the First Amendment and Restatement of the Declaration of Trust Establishing the Arthur Wong Revocable Trust Dated June 30, 2007 Arthur Wong, Grantor (the 'Wong Trust"), Arthur Wong, as Grantor and Trustee, appoints and designates Melissa W. Aagesen and David Wong as Co-Successor Trustees in the event of his death.  A redacted copy of the Trust, with a sworn Certification of Trust, is attached hereto as Exhibit B.  The Trust authorizes the Successor Trustees to hold, manage and control all of the real and personal property of the Trust.

Memorandum In Support of Motion for Substitution
*Frank B. Day and Arthur Wong v. Robert White a/k/a Robert W White*
Civil No. 18-18
Page 2

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for the substitution of a proper party for a deceased party in those circumstances where he claim is not extinguished, as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party .... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death the action shall be dismissed as to the deceased party. Fed.R.Civ.P. 25(a)(1)

*see: Farrington v. Benjamin*, 100 F.R.D. 474, 475 (D.V.I. 1984)

Substitution under Rule 25 should be permitted if the moving party establishes the following: (1) the motion is timely; (2) the deceased party's claims were not extinguished upon death; and (3) the person to be substituted is a proper substitution for the deceased party. *Cuoco v. Palisades Collection, LLC*, No. 13-5692, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014). Courts have held that the language of Rule 25 is permissive. The decision to substitute a party lies within the sound discretion of this Court. *Watts v. Novartis Pharm. Corp.*, No. 5:08-cv-2354, 2015 WL 1456647, at *4 (N.D. Ohio Mar. 30, 2015) (citing *In re Baycol Prod. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010). *Howard v. Lilly, Tr. of Land End Invs. Tr.,* No. 3:17-CV-322, 2019 WL 342139, at *3 (E.D. Tenn. Jan. 28, 2019). Although the decision to substitute a party lies within a court's discretion, *see McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994), Rule 25 motions to substitute should be "freely granted." *Baycol*, 616 F.2d at 783 (citing Rule 25's advisory committee note of 1963). Rule 25 requires two affirmative steps to trigger the running of the ninety (90) day period: (1) a formal suggestion of death upon the record; and (2)

Memorandum In Support of Motion for Substitution
*Frank B. Day and Arthur Wong v. Robert White a/k/a Robert W White*
Civil No. 18-18
Page 3

service of other parties and nonparty successors or representatives of the deceased with a suggestion of death. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In this cause, the Notice of Suggestion of Death was filed on May 15, 2026.  With respect to service, Robert White *a/k/a* Robert W. White was served by service on his attorney in accordance with Federal Rule of Civil Procedure 5(b), which allows service via a court's electronic filing system.  *Fugnetti v. Bird B Gone, Inc.,* No. SACV1900847CJCDFMX, 2020 WL 6526363, at *2 (C.D. Cal. Sept. 17, 2020).

A proper party for substitution under Fed.R.Civ.P. 25(a)(1) is "…either a successor of the deceased party" or "a representative of the deceased party's estate – a person lawfully designated by state authority to represent the deceased's estate." *Skov v. Skov, No. CV 2013-100, 2018 WL 11470478, at *2 (D.V.I. Jan. 31, 2018) citing Kernisant v. City of New York*, 225 F.R.D. 422, 429 n.6 (E.D.N.Y. 2005). In this matter, Melissa W. Aagesen and David Wong are proper parties for substitution because they are the children of Arthur Wong per Recital Two of the Wong Trust and they are expressly designated Arthur Wong's successors under Section 2.1.

WHEREFORE, Petitioners Melissa W. Aagesen and David M. Wong respectfully request that they be recognized and acknowledged as Defendants in this cause in the place and stead of their father, Arthur Wong.

Memorandum In Support of Motion for Substitution
*Frank B. Day and Arthur Wong v. Robert White a/k/a Robert W White*
Civil No. 18-18
Page 4


May 4, 2026                                    Respectfully submitted,

                                              */s/ Kevin A. Rames, Esq.*
                                              Kevin A. Rames, Esq
                                              V.I. Bar Number 193
                                              K.A. Rames, P.C.
                                              2111 Company Street, Suite 3
                                              Christiansted, VI 00820
                                              Telephone: (340) 227-9311
                                              Telefax: (340) 773-7282
                                              kevin.rames@rameslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of May, 2026, I caused a true and correct copy of the foregoing Memorandum in Support of Motion for Substitution to be delivered to Andrew C. Simpson, Esq., Law Offices of Andrew C. Simpson, PC, through the CM/ECF System of this Court.

                                              */s/ Kevin A. Rames, Esq.*
                                              Kevin A. Rames, Esq.